The Honorable Peggy Jeffries State Senator 1122 South Waldron, Suite C Ft. Smith, Arkansas 72903
Dear Senator Jeffries:
You have requested an official Attorney General opinion in response to the following questions:
 (1) Does Arkansas law prohibit an employee of a public school district or an educational cooperative — summoned to a conference by one or more supervisor(s) — from tape recording the conference with his or her own tape and tape recorder, either with or without the knowledge of the supervisor(s)?
 (2) If the employee is not prohibited by Arkansas law from taping the conference, may one or more supervisors require the employee to surrender the original tape, a copy of the tape, a typed or written transcription of the tape, or all of the above?
 (3) If the employee is prohibited by Arkansas law from taping the conference, may one or more supervisors require the employee to surrender the original tape, a copy of the tape, a typed or written transcription of the tape, or all of the above?
 (4) May any citizen of Arkansas legally tape record some or all conversations in which he or she participates without the knowledge of the other person(s)?
RESPONSE
Question 1 — Does Arkansas law prohibit an employee of a public schooldistrict or an educational cooperative — summoned to a conference by oneor more supervisor(s) — from tape recording the conference with his orher own tape and tape recorder, either with or without the knowledge ofthe supervisor(s)?
It is my opinion that no provision of Arkansas law prohibits any employee of a public school district or an educational cooperative from tape recording a conference with his or her supervisor — regardless of whether the supervisor is aware that the conference is being recorded.
Although Arkansas law does prohibit the interception and recording of certain communications, it makes an explicit exception to this prohibition for communications to which the person who is recording is a party, or communications in which one of the parties to the communication has consented to the recording. This provision is set forth in A.C.A. §5-60-120, as follows:
5-60-120. Interception and recording.
 (a) It shall be unlawful for a person to intercept a wire, oral, or telephonic communication, defined as communications that utilize the electromagnetic spectrum frequencies of forty-six to forty-nine megahertz (46-49 MHz.) generally used by cordless telephone technology and eight hundred forty to eight hundred eighty megahertz (840-880 MHz.) generally used by cellular telephone technology, and to record or possess a recording of such communication unless such a person is a party to the communication or one (1) of the parties to the communication has given prior consent to such interception and recording.
A.C.A. § 5-60-120(a) (emphasis added).[1]
It is clear that under the above-quoted provision of law, the knowledge of the other party to the communication is not the operative factor. Rather, the factors that determine whether the recording is lawful are (1) whether the recording party is a party to the communication; or (2) whether one of the parties to the communication has consented to the recording.
The scenario you have described (in which an employee records a communication to which he or she is a party) falls squarely within the exception stated in A.C.A. § 5-60-120 to the prohibition against recording communications.
I must therefore conclude that Arkansas law does not prohibit any employee of a public school district or an educational cooperative from tape recording a conference with his or her supervisor — regardless of whether the supervisor is aware that the conference is being recorded.
Question 2 — If the employee is not prohibited by Arkansas law fromtaping the conference, may one or more supervisors require the employeeto surrender the original tape, a copy of the tape, a typed or writtentranscription of the tape, or all of the above?
It is my opinion that no provision of Arkansas law requires an employee who has tape recorded a conference with a supervisor to surrender the original tape, a copy of the tape, or a typed or written transcription of the tape. Indeed, a supervisor who requires that the employee surrender the tape or a copy thereof, may open the door to various civil claims by the employee or even claims arising out of the constitutional prohibitions against unreasonable searches and seizures. A determination of whether any such claims would be valid would involve numerous questions of fact. I therefore cannot opine as to whether the employee would succeed with such claims.
A factor that could impact the situation would be an official policy of the school district or cooperative, communicated to the employee, requiring surrender of tape recordings of this nature. If the school district or cooperative does have such a policy, and if the employee in question entered into employment with knowledge of the policy, it could be argued that the employee had impliedly waived the right to raise such claims. In the absence of such a policy, however, the employee would have a greater chance at succeeding in such claims.
To summarize, then, it is my opinion that Arkansas state law does not require a school district or cooperative employee who has tape recorded a conference with a supervisor to surrender the tape (or a copy thereof in any form). A supervisor who requires surrender of the tape may give rise to various civil and constitutional claims by the employee. A determination of whether such claims would succeed will involve a consideration of the particular facts and circumstances of the situation.
Question 3 — If the employee is prohibited by Arkansas law from tapingthe conference, may one or more supervisors require the employee tosurrender the original tape, a copy of the tape, a typed or writtentranscription of the tape, or all of the above?
See response to Question 2.
Question 4 — May any citizen of Arkansas legally tape record some or allconversations in which he or she participates without the knowledge ofthe other person(s)?
See response to Question 1.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The phrase "defined as communications that utilize the electromagnetic spectrum frequencies of forty-six to forty-nine megahertz (46-49 MHz.) generally used by cordless telephone technology and eight hundred forty to eight hundred eighty megahertz (840-880 MHz.) generally used by cellular telephone technology," as used in A.C.A. § 5-60-120(a) clearly modifies only the term "telephonic communication." This conclusion is obvious because neither "oral communication" nor "wire communication" can be accurately described by this phrase.